**Douglas SCHUMACHER, Plaintiff—Appellant,**

v.

**GENERAL SECURITY SERVICES CORPORATION, a foreign defendant, Defendant—Appellee.**

**No. 01–35407.**

**D.C. No. CV–97–01100–TSZ.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 2002.

Decided July 1, 2002.

---

Before B. FLETCHER and GOULD, Circuit Judges, and MURGUIA,* District Judge.

## MEMORANDUM **

Douglas Schumacher appeals the district court's decision granting summary judgment to General Security Services Corporation ("GSSC") on Schumacher's disability discrimination claim under the Washington Law Against Discrimination ("WLAD"), Wash. Rev.Code § 49.60.010 *et. seq.* Schumacher alleges that he was unlawfully dismissed from his job as a Court Security Officer ("CSO") due to his organic heart disease. However, under the contract between GSSC and the United States Marshals Service ("USMS"), GSSC was not permitted to employ a CSO with organic heart disease.

This case was previously before us. In a prior appeal, we held that Schumacher is disabled under the WLAD and that GSSC could rely on the contractual provision as a defense to Schumacher's WLAD claim

---

* The Honorable Mary H. Murguia, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

only if the contractual provision was mandated by law or regulation. *Schumacher v. Gen. Sec. Serv. Corp.*, No. 98–36128, 2000 U.S.App. LEXIS 22395, *7–8 (9th Cir. Aug.28, 2000). On remand, the district court granted summary judgment based on its view that, under a new Washington Supreme Court case interpreting the WLAD, which we discuss below, Schumacher is not disabled. Schumacher appeals.

■ GSSC again argues, as it did in the prior appeal, that it can rely on the contractual provision precluding employment of one with organic heart disease as a complete defense to Schumacher's WLAD claim. However, our prior panel held that GSSC could not rely on that provision unless it was mandated by law or regulation, and, on remand, the district court held that GSSC had not shown that the provision was so mandated. We agree with the district court's determination of this issue on remand. Additionally, we, like the district court, must follow the prior panel's holding as the law of the case unless the decision falls into a recognized exception to the law of the case, such as being "clearly erroneous" or subject to an "intervening [change in] controlling authority." *See, e.g., Jeffries v. Wood,* 114 F.3d 1484, 1489 (9th Cir.1997) (en banc).

■ Appellee, which primarily urges that the district court correctly held that appellant was not disabled under state law, has not contended that any intervening controlling authority would vitiate our prior rejection of the contract requirement defense. Moreover, we cannot say that the prior panel's conclusion that a contractual provision may serve as a defense to a WLAD claim only if it was mandated by law or regulation was clearly erroneous. Our prior conclusion is not inconsistent with Supreme Court precedent on a related issue, *Albertson's Inc. v. Kirkingburg,* 527 U.S. 555, 567–71, 119 S.Ct. 2162, 144

L.Ed.2d 518 (1999), and on this issue of contract provision as defense there is simply no precedent directly on point from the Supreme Court, the Ninth Circuit, or the Washington Supreme Court or Court of Appeals. *Cf. Mendenhall v. Nat'l Transp. Safety Bd.,* 213 F.3d 464, 469 (9th Cir. 2000) (holding that a prior decision that "contravened plain statutory text and Supreme Court case law" was clearly erroneous). Accordingly, we must adhere to the prior panel's decision on this issue and hold that GSSC may not rely on the contractual provision as a defense in the circumstances of this case.

■ Notwithstanding its holding that GSSC could not rely on the contractual provision, the district court granted summary judgment in GSSC's favor on a different ground, because the court concluded that the Washington Supreme Court's decision in *Pulcino v. Federal Express Corp.,* 141 Wash.2d 629, 9 P.3d 787 (Wash.2000), constituted an intervening change in controlling law that warranted reconsideration of the prior panel's decision that Schumacher is disabled within the meaning of the WLAD. In the district court's view, *Pulcino* changed the WLAD's definition of "disability" for both accommodation and disparate treatment cases, and Schumacher does not qualify as disabled under the new definition.

The district court was correct that it could reconsider Schumacher's status as a protected class member and proper claimant under the WLAD in light of *Pulcino.* But we read the case differently than did the district court, and we conclude that *Pulcino* applies only to accommodation cases. Thus, because Schumacher alleges disparate treatment, *Pulcino* does not call into question the prior panel's conclusion that he is disabled under the WLAD. The *Pulcino* court repeatedly described its holding in a way that suggests that its holding and rationale are properly limited

to accommodation cases, *id.* at 793–94.[1] Though the matter has some ambiguity and we understand the district court's reasoning, we see it differently and hold that the district court erred in interpreting the case more broadly.

We reverse and remand for proceedings consistent with this disposition.

REVERSED and REMANDED.

---

1. The *Pulcino* court held that:

We find the circularity of the [Washington Administrative Code] definition makes it unworkable when an employee's claim is based upon an accommodation theory. The employee would, in effect, have to prove that the employer failed to accommodate the employee (i.e., discriminated against him or her) *because* of the employee's abnormal condition. This implies that the employer accommodates other employees; but, obviously, employees who are not disabled do not require such accommodation. Thus, we find that an accommodation claimant satisfies the "handicap" element of his or her claim by proving that (1) he or she has/had a sensory, mental, or physical abnormality and (2) such abnormality has/had a substantially limiting effect upon the individual's ability to perform his or her job.

9 P.3d at 794 (emphasis in original).

